IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:19-845-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DARRYL RYAN BOSTICK | ) | |
| _____ | ) | |

This matter is before the court on the defendant's sealed *pro se* motion for a reduction of his sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 179). The defendant contends that because his mother's health is declining, she needs essential care, and he is the only available family member who can provide that care.

The government opposes the defendant's motion, arguing that the defendant fails to present extraordinary and compelling circumstances to warrant his release and that the § 3553(a) factors weigh heavily against his release. The defendant did not reply thereto.

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motion is respectfully denied.

PROCEDURAL HISTORY

The defendant and another individual were named in a 5-count Indictment on the following charges:

    Count 1:    Possession with intent to distribute and distribution of a quantity of cocaine, aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851, and 18 U.S.C. § 2;

1

Count 2:	Possession with intent to distribute a quantity of cocaine base (commonly known as "crack" cocaine), in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(C);

Count 3:	Possession within intent to distribute a quantity of methadone, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);

Count 4:	Possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(C);

Count 5:	Possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(1), and 924(e).

The government filed an Information (ECF No. 30) notifying the defendant that he was subject increased penalties under 21 U.S.C. § 851 based on certain prior convictions.[1]

The defendant pleaded guilty to Counts 1 and 4 pursuant to a written Plea Agreement (ECF No. 110).

The Presentence Report (PSR) (ECF No. 148) prepared by the United States Probation Office determined that the defendant's total offense level was 31 and his criminal history category was VI (based on his career offender status), which produced a guidelines range of 262 to 327 months imprisonment. The PSR set out the drug amounts attributable to the

---

[1] Those prior convictions include: (1) September 11, 2007, Trafficking Cocaine, 1st. Richland County, South Carolina General Sessions Court. Indictment Number 2007-GS-40-3400. Sentenced to 4 years concurrent. Offense Date: April 13, 2007; (2) September 11, 2007, Possession with the Intent to Distribute Crack Cocaine Within ½ Mile Proximity of School/Park. Richland County, South Carolina General Sessions Court. Indictment Number 2006-GS-40-11854. Sentenced to 4 years concurrent. Offense Date: November 13, 2005; (3) June 5, 2003, Possession with Intent to Distribute Cocaine, 1st. Richland County, South Carolina General Sessions Court. Indictment Number 2003-GS-40-2779. Sentenced under Youthful Offender Act, not to exceed 5 years. Offense Date: April 11, 2003; (4) July 11, 2000, Possession of Stolen Vehicle. Richland County, South Carolina General Sessions Court. Indictment Number 2000-GS-40-52105. Sentenced to 2 years suspended on time served, $100, and 1 year probation; Suspended Sentence revoked on December 20, 2002; sentenced to 90 days. Offense Date: May 5, 2000.

defendant for Guideline sentencing purposes. Those drugs included marijuana, cocaine, crack, and methadone. The defendant was held accountable for 92.048 kilograms of converted drug weight. At his original sentencing on October 22, 2021, the court granted a downward departure under U.S.S.G. § 5K1.1 and imposed a sentence of 168 months (108 months on Count 1, and 60 months consecutive on Count 4), in addition to 6 years of supervision.

The defendant did not appeal his conviction or sentence nor has he filed a motion to vacate or correct his sentence under 28 U.S.C. § 2255.

In 2024, this court denied the defendant's motion for a reduction of his sentence under U.S.S.G. Amendment 821 finding that he did not receive any status points and that the reduced guideline range was the same as the sentence he was currently serving.

The defendant is currently 43 years of age and his date of release from the BOP is scheduled for July 2033. He is presently housed at Jesup Federal Correctional Institution.

## STANDARD OF REVIEW

Courts may not modify a sentence once imposed with few exceptions. 18 U.S.C. § 3582(c). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. To grant a compassionate release motion under § 3582(c)(1)(A)(I), the district court must conduct a two-step analysis. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). First, the court must find "extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). After a district court finds that an

"extraordinary and compelling" reason for sentence modification exists, it must then evaluate the relevant § 3553(a) factors. *Id*. at 195. The defendant bears the burden to establish that he or she is eligible for a sentence reduction under § 3582. *Centeno-Morales*, 90 F.4th at 279.

The court must also determine that such a reduction would be consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). Relevant here, an amended Sentencing Guidelines policy statement went into effect in November 2023 and provides criteria for determining the existence of extraordinary and compelling reasons for release. Generally, the list of circumstances qualifying as extraordinary and compelling falls into several categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that, when considered by themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. U.S.S.G. § 1B1.13(b).

*Exhaustion of Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the Bureau of Prisons (BOP) bring a motion on his behalf. The defendant may file a motion with the court: (1) after fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), 18 U.S.C. § 3582(c)(1)(A).

The government does not dispute the defendant's exhaustion of his administrative remedies. Thus, the court will proceed to review the matters on the merits. *See United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021).

## DISCUSSION

The Sentencing Commission issued a policy statement, amended in November 2023, that governs reduction of sentences under § 3582(c)(1)(A). As is relevant here, U.S.S.G. § 1B1.13(b) states the following with regard to subsection (3) Family Circumstances:

> (A) The death or incapacitation of the care giver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition;
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available care giver for the spouse or registered partner;
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available care giver for the parent;
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available care giver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

### I. *Family Circumstances*

The defendant claims that his mother, Pamela Dozier, is in declining health and is unable to care for herself. He attests that she requires daily assistance with basic needs,

5

transportation to medical appointments, meal preparation, and household tasks. The defendant contends that he is the only immediate family member available to provide this care and that without his assistance, his mother's quality of life will continue to deteriorate.

The defendant has submitted a copy of a letter dated March 5, 2025 from Dr. Gary White—his mother's optometrist since 2018—confirming that his mother is legally blind in one eye and has severely diminished vision in the other eye. Dr. White notes that the defendant's mother "is barely legal to drive in the state of South Carolina based on the 20/60 acuity." Dr. White then states that "she currently only drives very short distances around Columbia, South Carolina and does not drive at night time." (ECF No. 179-2).

In Dr. White's examination record, it is noted that the defendant's mother is 59 years of age, she does not take systemic or ocular medications, and that her past medical history is unremarkable. The medical history only lists weight gain and acid reflux. Dr. White also notes that after a review of previous exam records, there are no new pertinent illnesses or injuries, no meaningful social or lifestyle changes, and no reported changes in family or medical history since last exam. *Id*.

Aside from her vision conditions, it does not appear that the defendant's mother is in declining health, nor are there any other serious medical conditions listed that would support the defendant's claim. Indeed, Dr. White stated that the defendant's mother currently drives short distances around Columbia.

In his proposed release plan (ECF No. 179-1), the defendant states that he will reside at the home of Christy Bostick in Columbia, South Carolina, along with his 16 year old step

daughter.[2] He states that he will have employment as a delivery driver for Amazon, and construction work with his father.

A letter provided by the defendant's adult siblings dated August 10, 2025, notes that prior to his incarceration,[3] the defendant was his mother's primary caregiver. The letter states that Mrs. Dozier is legally blind and suffers from a number of medical conditions that render her unable to mange her daily life independently. The letter also states that absent her primary caregiver (here, the defendant), their mother has had a significant decline in her physical and emotional well-being. The siblings then state that they are unable to meet the level of care and supervision her condition demands.

The court does not find this to be an extraordinary and compelling claim for compassionate release, nor has the defendant met his burden to prove the same.

*Factors Under 18 U.S.C. § 3553(a)*

The government argues that even if the defendant had presented extraordinary and compelling reasons (which this court has determined herein that the defendant does not), the

---

[2] In the letter from the defendant's siblings, Christy Bostick denotes her relationship to the defendant's mother (Pamela Dozier) as "daughter-in-law." It is not clear whether Christy is the defendant's sister-in-law or his wife. Also, in his proposed release plan (ECF No. 179-2 at 23), the defendant states with regard to his proposed place of residence if released, that "This residence is stable and safe, and I will have full support of my family, particularly my mother, Christy Bostick, who resides at this address and is in need of a full-time caregiver. I will be assuming that role immediately upon release."

[3] The defendant has received credit for time served since October 22, 2021. The defendant does not apprise the court of who has been his mother's caretaker for the past four years while he has been incarcerated. According to the PSR, the defendant has four siblings and three adult children. The PSR also notes that the defendant had been residing with his mother in Columbia for the two years prior to that the PSR's preparation in July 2021.

court should deny his motion in light of the statutory sentencing factors under 18 U.S.C. § 3553(a), because the factors weigh heavily against the defendant's release.

The defendant pleaded guilty to serious drug charges: aiding and abetting the possession with intent to distribute and distribution of cocaine and possessing a firearm in furtherance of drug trafficking. He was determined to be a career offender and has numerous felony drug and other offenses as set out earlier in this order and in the PSR.

Because this court does not find an extraordinary or compelling reason on any of the defendant's claims, there is no need for the court to further discuss the § 3553(a) factors.

## CONCLUSION

The court has carefully considered the totality of the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the foregoing reasons, the court determines that the defendant has not presented an extraordinary and compelling reason for a reduced sentence. The defendant's motion for compassionate release is respectfully denied (ECF No. 179).

IT IS SO ORDERED.

October 22, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge